Donald W. Powell – State Bar No. 3238
**CARMICHAEL & POWELL, P.C.**
7301 North 16th Street, Ste. 103
Phoenix, Arizona 85020-5297
Phone: (602) 861-0777

Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>RONALD JAY SEATON<br>MISTY TAMARA SEATON,<br><br>Debtors. | No. 2-08-11728-CGC<br><br>CHAPTER 11<br><br>PLAN OF REORGANIZATION |

COME NOW the Debtors, by and through their attorneys undersigned, and herein propose the following Plan of Reorganization.

I.  Classification of Creditors.

The classes of creditors are divided as follows:

Class 1     Expenses of Administration.

Class 2     Secured creditor AURORA LOAN SERVICES ("AURORA").

Class 3     Secured creditor KATHLEEN MAY ("MAY").

Class 4.    Secured creditor MONARCH GRAND VACATIONS ("MONARCH").

Class 5.    Secured creditors THEODORE & SUSAN FREEMAN (" FREEMANS").

Class 6.    Secured creditor UNION DISTRIBUTIN COMPANY OF TUCSON ("UNION").

Class 7. Secured creditor WELLS FARGO BANK ("WELLS")

Class 8. Secured creditor WILSHIRE CREDIT CORPORATION ("WILSHIRE").

Class 9. INTERNAL REVENUE SERVICE ("IRS").

Class 10. Unsecured creditors.

Class 11. Debtors.

II. <u>Treatment Provisions for Claims of Creditors</u>.

The claims of creditors will be satisfied and treated as below set forth:

Class 1. The Debtors have certain administrative claimants. The law firm of CARMICHAEL & POWELL, P.C., the attorneys for the Debtors, is due an amount for post-petition legal services and expenses. The Debtors will pay any approved sums to administrative claimants within thirty (30) days of the applicable Court Order. Any sums due the United States Trustee are within this Class; it is believed the Debtors are current with quarterly payments due the United States Trustee, and will so remain current. This Class is not impaired by the Plan.

Class 2. AURORA possesses the first lien on the home owned by the Debtors at 5415 West Misty Willow Lane, Glendale, Arizona ("Misty Willow"), and the first lien on the home owned one-half (1/2) by the Debtors at 5222 West Wescott, Glendale, Arizona ("Wescott"). The Debtors will pay AURORA the regular monthly payment on the Misty Willow home. Any arrearages shall be paid in a monthly amount of Five Hundred ($500.00) Dollars beginning thirty (30) days after confirmation. The Debtors will pay AURORA the regular monthly payment on the Wescott home. Any arrearages shall be paid in a monthly amount of Five Hundred ($500.00) Dollars beginning thirty days

after confirmation. The lien of AURORA will be retained until satisfaction of this Class by the Debtors. Interest will be paid at the contract rate. This Class is impaired by the Plan.

Class 3. MAY possesses the first lien on the undeveloped real property owned by the Debtors at 6625 South 43rd Avenue, Phoenix, Arizona ("43rd Avenue"). Such real property will not be retained by the Debtors. The Debtors will stipulate to stay relief with MAY regarding such real property. Any sum due MAY after foreclosure on the real property will be treated pursuant to Class 10. This Class is impaired by the Plan.

Class 4. MONARCH possesses a lien on the time share owned by the Debtors in Palm Springs, California. Such time share will not be retained by the Debtors. The Debtors will stipulate to stay relief with MONARCH regarding such time share. Any sum due MONARCH after foreclosure on the time share will be treated pursuant to Class 10. This Class is impaired by the Plan.

Class 5. FREEMANS possess a lien on the undeveloped real property at 6902 West Southern, Phoenix, Arizona. The Debtors will pay FREEMANS Four Thousand ($4,000.00) Dollars per month until the obligation due FREEMANS has been paid. The lien of FREEMANS will be retained until satisfaction of the obligation by the Debtors. Interest will be paid at the contract rate. This Class is impaired by the Plan.

Class 6. UNION possesses the second lien on the 43rd Avenue real property. As previously delineated herein, such real property will not be retained by the Debtors. Stay relief has previously been granted to UNION regarding the 43rd Avenue real property. Any sum due UNION after foreclosure on the real property will be treated pursuant to Class 10. This Class is impaired by the Plan.

- 3 -

Class 7. WELLS possesses the second lien on the Misty Willow home. The Debtors do not believe any equity exists in such home after satisfaction of the first lien. The Debtors will pay WELLS a total of Fifty Thousand ($50,000.00) Dollars (which includes interest) in monthly payments of One Thousand ($1,000.00) Dollars beginning thirty (30) days after the date of confirmation. The lien of WELLS will be retained until satisfaction of the amount of Fifty Thousand ($50,000.00) Dollars. WELLS further possesses a lien on the 2003 Monaco motor home. Such motor home will not be retained by the Debtors. The Debtors will stipulate to stay relief with WELLS regarding such motor home. Any sum due but not paid in this Class will be treated pursuant to Class 10. This Class is impaired by the Plan.

Class 8. WILSHIRE possesses the second lien on Wescott home. The Debtors do not believe any equity exists in such home after satisfaction of the first lien. The Debtors will pay WILSHIRE a total of Ten Thousand ($10,000.00) Dollars (which includes interest) in monthly payments of Two Hundred Fifty ($250.00) Dollars beginning thirty (30) days after the date of confirmation. The lien of WILSHIRE will be retained until satisfaction of the amount of Ten Thousand ($10,000.00) Dollars. Any sum due but not paid in this Class will be treated pursuant to Class 10. This Class is impaired by the Plan.

Class 9. IRS is due sums for the 2006 income taxes of the Debtors. Any refunds due the Debtors from IRS will be applied to the obligation. Further, the Debtors will pay Five Hundred ($500.00) Dollars per month to IRS beginning thirty (30) days from the date of confirmation until the amount due IRS has been fully paid. Allowed interest will be paid at the legal rate applicable. This Class is impaired by the Plan.

- 4 -

Case 2:08-bk-11728-CGC Doc 132 Filed 08/21/09 Entered 08/21/09 15:43:41 Desc Main Document Page 4 of 7

Class 10. The Debtors will pay unsecured creditors with valid and proven claims the total amount of Sixty Thousand ($60,000.00) Dollars on a prorata basis. The payments will be made in semi-annual installments of Ten Thousand ($10,000.00) Dollars beginning six (6) months from the date of confirmation. It is the opinion of the Debtors that unsecured creditors having valid and proven claims in this Class will receive approximately Ten Percent (10%) of said claim. This Class is impaired by the Plan.

Class 11. The Debtors shall retain their property pursuant to 11 U.S.C. § 1115. Under 11 U.S.C. § 1129(b)(2)(b)(ii), the absolute priority rule is not applicable to individuals in a Chapter 11 proceeding. This Class is not impaired by the Plan.

III. Execution and Implementation of the Plan.

The Debtors shall continue to serve as the persons to perform the duties of the Debtors-In-Possession. The law firm of CARMICHAEL & POWELL, P.C., will represent the Debtors regarding consummation of the Plan of Reorganization. The funds necessary to effectuate consummation of the Plan of Reorganization will derive from the compensation of the Debtors.

IV. Contested Claims.

Contested claims by the Debtors shall be paid only upon their allowance by the Court, and in such allowed amount according to the Class in which they belong.

V. Modification of the Plan.

The Debtors may propose amendments or modifications of this Plan at any time prior to confirmation by compliance with 11 U.S.C. § 1127. After confirmation the Debtors may, with approval of the Court, with notice and a hearing if the Court so orders, and so long as it does not materially or adversely affect the interests of the creditors, remedy any defect or omission or reconcile

any inconsistencies in the Plan or in the order of confirmation in such manner as may be necessary to carry out the purposes and effect of the Plan.

## VI. Jurisdiction of the Court.

The Court will retain jurisdiction, until the Plan has been fully consummated, concerning, but not limited to, the following:

1. The classification of the claim of any creditor and the re-examination of the claims which have been allowed for the purposes of voting and the determination of such objections as may be filed to creditors' claims. The failure by the Debtors to object to or examine any claim for purposes of voting shall not be deemed to be a waiver of the Debtors' right to object to or re-examine the claim in whole or in part.

2. The determination of all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes or conflicts whether or not subject to any action pending as of the date of confirmation between the Debtors and any other party including, but not limited to, any right of the Debtors to recover assets pursuant to the provisions of Title 11 of the United States Code.

3. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

4. The enforcement and interpretation of the terms and conditions of this Plan.

5. The entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtors and to impose such limitations, restrictions, terms and conditions of such title, rights and powers.

6. The entry of any Order concluding in the termination of the case.

Case 2:08-bk-11728-CGC    Doc 132    Filed 08/21/09    Entered 08/21/09 15:43:41    Desc
Main Document    Page 6 of 7

VII. Post Confirmation Activities.

The assets of the Debtors will not be dissipated after confirmation of the Plan.

VIII. United States Trustee Post-Confirmation.

The Debtors will satisfy, by cash payment and on a timely basis, the quarterly fees due the United States Trustee post-confirmation, such quarterly fees to be paid until a Final Decree has been entered. Further, the Debtors will file on a timely basis, post-confirmation, the required Financial Reports due the United States Trustee, with copies of all such Reports being filed to be served on the United States Trustee.

IX. Plan Default.

The Debtors' failure to make any payment due under the Plan within thirty (30) days after the payment is due shall constitute a default unless the Debtors and the affected creditor agree to delayed payment. A default in payment as to one creditor shall constitute a default in payment as to all creditors. A default shall also occur when any default provisions of any creditor's contract with the Debtors assumed or continued by the Plan has been breached except to the extent that the default provisions or applicability thereof are modified by the Plan. Upon default, creditors may immediately move for conversion or dismissal of this case, pursuant to 11 U.S.C. § 1112.

RESPECTFULLY SUBMITTED this 21st day of August, 2009.

CARMICHAEL & POWELL, P.C.

By _____
Donald W. Powell
7301 North 16th Street, #103
Phoenix, Arizona 85020
Attorneys for Debtors

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 85020-5297
(602) 861-0777